**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

**Glass, Molders, Pottery, Plastics & Allied Workers International Union, Intervenor,**

v.

**LASSEN COMPANIES, Respondent.**

No. 01–2064.

United States Court of Appeals,
Sixth Circuit.

Sept. 24, 2001.

Before RYAN, BATCHELDER, and COLE, Circuit Judges.

## JUDGMENT

The National Labor Relations Board (the "Board") applies for summary enforcement of its May 31, 2001, decision and order in Case Nos. 9–CA–37507, 9–CA–37527, and 9–CA–38072, in which it found the respondent violated federal labor law and directed the respondent to take certain remedial steps stated therein. The respondent did not file an answer to the complaint and has not made an appearance either before the Board or this court. Under these circumstances, we conclude the Board is entitled to the relief sought. *See* 29 U.S.C. § 160(e) ("No objection that has not been urged before the Board, its member, agent, or agency, shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances.")

It therefore is ORDERED that the Board's decision and order in Case Nos. 9–CA–37507, 9–CA–37527, and 9–CA–38072 is hereby enforced. The respondent, The Lassen Companies, Inc., Irvine, California, and Hamilton, Ohio, its officers, agents, successors, and assigns, shall:

1. Cease and desist from:

(a) Threatening employees or union officials that it would close the plant down if the union refused to accept higher costs for health insurance premiums.

(b) Threatening the employees that it would shut the plant down if the union filed and pursued unfair labor practice charges.

(c) Failing since about October 1999, to timely remit funds deducted from employees' wages to its 401(k) plan.

(d) Failing since about February 1, 2000, to provide and maintain contractually required health insurance for employees in the unit.

(e) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the National Labor Relations Act (the "Act").

2. Take the following affirmative action which the Board has found necessary to effectuate the policies of the Act:

(a) Remit to its 401(k) plan all funds deducted from employees' wages for that purpose since October 1999, and make whole its unit employees for any loss of interest they may have suffered as a result of the failure to remit such funds since October 1999, in the manner set forth in the remedy section of the Board's decision and order.

(b) Provide and maintain health insurance for employees in the unit, and reimburse unit employees for any expenses ensuing from the respondent's failure to provide and maintain contractually required health insurance, as set forth in the remedy section of the Board's decision and order.

(c) Preserve and, within 14 days of a request, make available to the Board or its agents, for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records, including an electronic copy of the records if stored in electronic form, necessary to analyze the amount of backpay due under the terms of this judgment.

(d) Within 14 days after service by the Region, post at its facility in Hamilton, Ohio, copies of the attached notice marked "Appendix." Copies of the notice, on forms provided by the Regional Director for Region 9 of the National Labor Relations Board (Cincinnati, Ohio), after being signed by the respondent's authorized representative, shall be posted by the respondent immediately upon receipt and maintained for 60 consecutive days in conspicuous places, including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the respondent to ensure that the notices are not altered, defaced, or covered by any other material. In the event that, during the pendency of these proceedings, the respondent has gone out of business or closed its facility involved in these proceedings, the respondent shall duplicate and mail, at its own expense, a copy of the notice to all current employees and former employees employed by the respondent at any time since October 1999.

(e) Within 21 days after service by the Region, file with the Regional Director a sworn certification of a responsible official on a form provided by the Region attesting to the steps that the respondent has taken to comply with this judgment.

## APPENDIX

### NOTICE TO EMPLOYEES POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES COURT OF APPEALS ENFORCING AN ORDER OF THE NATIONAL LABOR RELATIONS BOARD

An Agency of the United
States Government

The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.

Section 7 of the Act gives employees these rights.

To organize

To form, join, or assist any union

To bargain collectively through representatives of their own choice

To act together for other mutual aid or protection

To choose not to engage in any of these protected concerted activities.

WE WILL NOT threaten employees that we will close the plant down if the Union refuses to accept higher costs for health insurance premiums.

WE WILL NOT threaten employees that we will shut the plant down if the Union files and pursues unfair labor practice charges.

WE WILL NOT fail to timely remit to our 401(k) plan funds deducted from employees' wages for that purpose.

WE WILL NOT fail to provide and maintain contractually required health insurance for our employees in the unit.

WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights guaranteed you by Section 7 of the Act.

WE WILL remit to our 401(k) plan all funds deducted from our employees' wages for that purpose since October 1999, and WE WILL make whole our unit employees for any loss of interest they may have suffered as a result of our failure to remit such funds since October 1999.

WE WILL provide and maintain contractually required health insurance for

our employees in the unit, and reimburse our unit employees for any expenses ensuing from our failure to provide and maintain contractually required health insurance, with interest.

THE LASSEN COMPANIES, INC.